**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NORTHERN REACH, INC. AND RIDE TODAY FINANCIAL CORP., | ) ) ) | CIVIL ACTION NO. |
| Plaintiffs, | ) ) | |
| V. | ) ) | |
| ENCOMPASS CONSULTING, LLC, DANIEL WILENSKY, AND RIDE TODAY ACCEPTANCE | ) ) ) ) | |
| Defendants. | ) | APRIL 7, 2016 |

## COMPLAINT

Plaintiffs Northern Reach, Inc. and Ride Today Financial Corp., as and for the Complaint against the Defendants, hereby show to the court as follows:

### Parties

1.      Plaintiff Northern Reach, Inc. ("NR") is a Delaware corporation, with principal place of business at 951 Bank Street, New London, Connecticut.

2.      Ride Today Financial Corp. is a Connecticut corporation, with principal place of business at 951 Bank Street, New London, CT.  .

3.      Ride Today and Ride Today Financial ("Ride Today") are a business name under which NR offers its customers the opportunity for financing of their motorcycle purchases.

4.      Defendant Encompass Consulting, LLC ("Encompass") is, upon information and belief, a Massachusetts limited liability company with principal place of business at 140 Elliott Street, Beverly, Massachusetts.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

5.     Ride Today Acceptance LLC ("RTA") is a Massachusetts limited liability company, which operates a website at ridetodayacceptance.com.  Upon information and belief, its principal place of business is 140 Elliott Street, Beverly, Massachusetts.

6.     Defendant Daniel Wilensky ("Wilensky") is a resident of Massachusetts, and is a Manager of Encompass Consulting, LLC and of Ride Today Acceptance LLC.

### Jurisdiction and Venue

7.     Jurisdiction is properly in this court, pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, and 1338, as this action arises under the laws of the United States, and further relates to trademarks.  In addition, jurisdiction exists under 28 U.S.C. § 1338(b).

8.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, for the claims under the common law, as they are inexorably intertwined with the claims asserted under Federal law.

9.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred within this district.  In addition, venue is proper as the trademark owner is a resident of the State of Connecticut, and the Plaintiff has been injured within the State of Connecticut.

### Background

10.     Mike's Famous Harley-Davidson New London, CT ("Mike's Famous") is a business name under which NR operates a motorcycle and powersports dealership in New London, Connecticut.  Mike's Famous® offers, sells and services new and used Harley-Davidson® motorcycles, recreational powersports products from Can-Am,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Polaris and BRP, along with used motorcycles and powersports equipment of other manufacturers.

11.     In 1994, Michael Schwartz, the principal of Mike's Famous® and of Ride Today Financial, first opened a Harley-Davidson® motorcycle dealership. Since then, Mr. Schwartz has owned and operated motorcycle dealerships in four states under the brand name "Mike's Famous,"® and has been an integral part of the motorcycle industry and of Harley-Davidson® dealerships in particular. The brand name "Mike's Famous"® (the "Mike's Famous® Brand") is one of the most recognized motorcycle dealer brands in the country.

12.     The Mike's Famous® Brand has been featured in newspapers, magazines, and other publications. Mr. Schwartz and the staff of the Mike's Famous® Brand dealerships have received countless recognitions for the dealerships and customer service from Harley-Davidson® and its customers, including having the Mike's Famous® Brand dealership in Delaware being named "Dealership of the Year" by *Dealer News* magazine.

13.     In or about 2013, Mr. Schwartz purchased and converted an historic Coca-Cola® factory within New London. Thereafter, NR opened the "Mike's Famous Harley-Davidson New London, CT" motorcycle dealership.

14.     Since then, this dealership has become a destination within Connecticut and New England, offering Harley-Davidson® motorcycles, along with Can-Am, Polaris, and Sea-Doo products. Mike's Famous® does not just promote and sell motorcycles and accessories, but also offers exemplary customer and vehicle service. At the end of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2015, Mike's Famous® was named "Business of the Year" by the Eastern Connecticut Chamber of Commerce, for its support of the military.

15.     Mike's Famous® has developed an outstanding reputation not just in the New London area, but throughout Connecticut, Rhode Island, New England, New York, and throughout the country.  Its visitors and customers have included riders from Connecticut, Rhode Island, Massachusetts, and New York, as well as from New Hampshire, Vermont, New Jersey, Virginia, Georgia, Maine, Pennsylvania, Delaware, Maryland, North Carolina, South Carolina, Florida, and even as far as California, Texas and the State of Washington.  Visitors have come from Canada, Australia and Europe. The advent of Internet advertising and purchasing has caused its reach to become national, as customers can locate the new or used motorcycle they desire using the Mike's Famous® website regardless of where they may be in the United States, and then arrange for purchase and, if necessary, shipment.

16.     Many purchasers of motorcycles finance a portion of their purchase.  As a result, the availability of financing through dealerships is an important portion of the services offered by dealerships, including by Mike's Famous®.

17.     In the spring of 2013, Mr. Schwartz recognized that many persons wishing to purchase a motorcycle were having difficulty obtaining traditional financing. To help them, he looked for ways to make financing available to persons with problems in their credit history who might otherwise be rejected by traditional financing companies.

18.     Mr. Schwartz was introduced to Wilensky, the principal of Encompass. Wilensky claimed to have experience originating and servicing loans, setting up and

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

marketing financing businesses, and that he had access to sources of funds for these loans.

19.     During this period of time, Mr. Schwartz developed the names "Ride Today" and "Ride Today Financial" as appropriate marks identifying the business which would offer financing to customers through the Mike's Famous® dealership.  Mr. Schwartz further recognized that by developing and offering the "Ride Today" financing program through the "Mike's Famous"® dealership, this would benefit customers in financing purchases, and would also likely develop new sales leads from persons who found this unique financing attractive.

20.     On several occasions, Wilensky stated that he and his business would not compete with Mr. Schwartz, with Ride Today or Ride Today Financial, or with Mike's Famous®, both with respect to financing loans and with respect to motorcycle sales.  In particular, before Plaintiff NR entered into any agreement, Wilensky stated to Mr. Schwartz that he would not do any business within Connecticut, Rhode Island, or in any of the other areas where Mike's Famous® did business, and that he would not provide financing services to any competing dealerships.

21.     Plaintiffs, and Mr. Schwartz, relied upon Wilensky's statements in agreeing to proceed with a business relationship.

22.     In reliance upon Wilensky's representations, NR entered into an agreement with Encompass for the purpose of servicing the "Ride Today" financing services.

23.     NR and Encompass entered into a Service Agreement (the "Agreement") on or about May 10, 2013.

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

24.   Among the provisions of the Agreement were:

    a.   A representation by Encompass that it had the necessary qualifications, experience and ability to provide service to NR;

    b.   That Encompass would set up finance and leasing company and credit and contact servicing facilities for the Plaintiff's consumer leasing and lending business;

    c.   That Encompass would provide sales, marketing, distribution, dealer development, financial services consulting and debt placement, and such other services as agreed to;

    d.   That Encompass would "do everything necessary" to ensure that the terms of the Agreement took effect;

    e.   That Encompass would not divert or attempt to divert from Plaintiff any business which Plaintiff enjoyed, solicited or attempted to solicit from other individuals or corporations prior to the termination of the Agreement;

    f.   That the Agreement would be governed by Connecticut law.

25.   After the Agreement was signed, Wilensky, on the behalf of himself and Encompass, repeated to Mr. Schwartz that neither he nor his business would compete with the Plaintiff or with Plaintiff's Ride Today business, and that he would not offer or provide similar services to motorcycle and powersports dealerships located in Connecticut, Rhode Island, Long Island, and the southern portion of New York.

26.   Shortly after the Agreement was signed, Mr. Schwartz learned that Wilensky was about to enter into a financing service agreement with another

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Connecticut dealer, in direct conflict with Wilensky's representations and contractual obligations not to do so.  When Mr. Schwartz confronted Wilensky and told him that this was impermissible, Wilensky was at first evasive.  Then, Wilensky tried to mollify Mr. Schwartz by (inaccurately) claiming that dealer was in a different market.  Wilensky emphasized, however, that he would not provide services to any other dealers in Connecticut or Rhode Island, and that the Defendants would not engage in any further business in competition with the Plaintiffs.

27.     After entering into the Agreement with Encompass to service the financing, Plaintiffs began to promote, and invested in, the "Ride Today" and "Ride Today Financial" services program.  Pursuant to that Agreement, Plaintiffs have paid and continue to pay Defendant Encompass between $5000 and $11,000 on a monthly basis.

28.     Once the Agreement was executed, and as part of the services provided by the Defendants, Plaintiffs provided administrative rights for the Mike's Famous® website to a web services firm chosen by Defendants.  That firm modified the Mike's Famous® website to include a promotion of, and sub-page for, the "Ride Today" program, including by providing information, phone numbers and a means for customers to apply for financing.  In addition, the web firm chosen by Defendants registered and provided services with respect to domains specifically used by Plaintiffs' Ride Today business, and provided search engine optimization services.  In addition, Defendants agreed and undertook to provide other marketing of "Ride Today."

29.     Since the program was established, Ride Today customers have included persons from Connecticut, New York, Massachusetts, Rhode Island, New Hampshire,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Pennsylvania, and Delaware, and more than 175 persons have secured financing through Plaintiffs' "Ride Today" business.

30.     Notwithstanding Wilensky's representations that he would not compete or support any dealers in Connecticut, Rhode Island, or metropolitan New York, and the obligations imposed upon Defendants by the Service Agreement, Defendants have engaged in pattern and scheme which has the purpose and effect of misappropriating the Ride Today marks and business established and used by Plaintiffs; using those marks and marks confusingly similar to Plaintiffs' mark along with information and leads obtained from Plaintiffs, to market, promote and offer their own services; diverting motorcycle and powersports equipment financing customers to themselves; diverting motorcycle sales from the Plaintiffs to other dealers with whom Defendants do business; and otherwise damaging and harming the Plaintiffs.

31.     Not by way of limitation, Defendants unlawfully and in willful violation of the Plaintiffs' rights, adopted business names which are confusingly to Plaintiffs' "Ride Today" mark.  This includes misappropriating "Ride Today" to use as a source identifier for Defendants' competing business, and adopting "Ride Today Acceptance" and similarly infringing variants on the "Ride Today" name.  Defendants have used these names with full knowledge that Plaintiffs had already established a motorcycle and powersports financing business under "Ride Today" and "Ride Today Financial" and were the senior users of those marks.

32.     Defendants' conduct was done in blatant and willful violation of Plaintiffs' exclusive rights to the use of the "Ride Today" marks for financing in the motorcycle and

- 8 -


One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGELLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

powersports equipment market, done to misdirect consumers and misappropriate business, and in direct competition with Plaintiffs.

33.    Defendants further used their relationship with Plaintiffs to not only "maintain" Plaintiffs' website, but to use their administrative access to Plaintiffs' websites for their own wrongful purposes.  This includes redirecting leads and potential customers from Plaintiffs to Defendants, placing Defendants' own phone number and contact information in place of Plaintiffs' so that potential customers are misdirected to Defendants' staff, and, upon information and belief, engaging in fraudulent and deceptive search engine optimization.  All of this has been done to confuse consumers, and to deceptively redirect to Defendants themselves customers and potential customers who searched for "Ride Today" or otherwise learned of "Ride Today" through the Mike's Famous® website, and who had intended to do business with Plaintiffs.

34.    Upon information and belief, Defendants engaged in additional infringing and wrongful activity by authorizing or causing motorcycle and powersports dealers other than the Plaintiffs (including one dealer only five miles from Mike's Famous®) to use "Ride Today" and marks confusingly similar to the Plaintiffs' marks, for the purpose of soliciting consumers to seek financing through those dealers.  Upon information and belief, despite the fact that those leads are generated by the unauthorized use of a name that is confusingly similar to Plaintiffs' Ride Today Marks, none of those leads (whether financing or vehicle sales) are directed to the Plaintiffs.

35.    Defendants' actions are especially egregious as not only did they knowingly misappropriate and infringe Plaintiffs' Ride Today marks, but they did so while they were under contract to provide marketing and other services to Plaintiffs with

- 9 -


HALLORAN
&SAGE LLP

respect to Plaintiffs' Ride Today business, while they were obliged both not to compete and to "do everything necessary" to ensure the success of the Agreement; and while Plaintiffs have been and are paying Defendants very substantial sums each month.

36.     Defendants used their relationship with Plaintiffs, the leads and other information as a result of that relationship, and the payments they have received from Plaintiffs not only to create a competitive financing business that used Plaintiffs' Ride Today marks, but also to compete divert motorcycle purchase customers who contacted "Ride Today" to seek financing in purchasing a motorcycle, to themselves and to other motorcycle dealerships with whom Defendants established relationships, including dealerships in direct competition with Plaintiffs.

37.     By using the misleading, deceptive, and infringing moniker of "Ride Today Acceptance," and by misappropriating the Plaintiffs' "Ride Today" mark, to compete, and by virtue of the fact that they had actual knowledge of clients and potential clients who contacted Mike's Famous® for "Ride Today" financing, Defendants were able to use that relationship to steal customers for their own benefit.

38.     Defendants' adoption and promotion of "Ride Today Acceptance" with knowledge of Plaintiffs' senior Ride Today marks, and despite their contractual agreement to "**do everything necessary**" to ensure the success of the Agreement, constitutes willful infringement, a willful breach of Defendants' contractual obligations, bad faith, and fraudulent diversion of actual and potential customers.

39.     Moreover, the confusion caused by Defendants' infringing use of Plaintiffs' "Ride Today" mark, and Defendants' infringing and confusing adoption of "Ride Today Acceptance," has harmed Plaintiffs' goodwill, as on more than one occasion, customer

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

service representatives of the Defendants who operated as "Ride Today" have provided poor service to clients, thereby harming Plaintiffs' reputation and good will.

40.     The Defendants' infringing use "Ride Today" and marks confusingly similar to "Ride Today" has caused actual confusion, is likely to cause further confusion, and has and will harm Plaintiffs' good will and reputation.

41.     Indeed, Defendants' casual adoption and infringing use of "Ride Today" and their adoption of the confusingly similar "Ride Today Acceptance" name for their competing business, has even caused actual confusion of representatives within Defendants' own business, including by inaccurately responding to leads and contacts regarding the business about which the leads are calling, by mis-directing customers to dealers other than the Plaintiffs, and by (intentionally or negligently) cherry-picking potential clients.

42.     Were that not enough, Defendants are directly competing with Plaintiffs' Ride Today business, including at dealerships in Connecticut and in New England. Upon information and belief, Defendants have, or have attempted, to divert potential customers looking to purchase a motorcycle from the Plaintiffs to other competing dealers with whom Defendants have relationships.

43.     The Defendants are using their relationship with the Plaintiff, the information that they gather as a result of that relationship, and the confusion caused by their infringing use of the "Ride Today" mark, to divert financing agreements and motorcycle sales for their own benefit.

44.     Plaintiffs brought these wrongful acts to the attention of Wilensky in the latter part of 2015.  At the time, they demanded that Defendants cease their infringing

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

use of the "Ride Today" mark and stop diverting customers, and that Defendants disclose the profits they received as a result of their actions.

45.     At no time has Wilensky, or any of the Defendants, denied any of Plaintiffs' assertions that the Defendants are infringing Plaintiffs' Ride Today marks, or that they are competing with Plaintiffs.

46.     Instead, in response to Plaintiffs' demands, Wilensky repeatedly asked Mr. Schwartz for more time, so that Wilensky could supposedly make a specific, good faith business proposal.  To date, that has not been done.

47.     It is now clear that Wilensky's responses to Plaintiffs' demands were not in good faith.  Instead, they constituted an effort to dissuade Plaintiffs from taking action while Defendants continued to build their competing business through infringing" use of "Ride Today" and marks confusingly similar to "Ride Today," and by using information and leads generated from Plaintiffs, all in direct competition with Plaintiffs.  During the time when they have asked for patience, Wilensky and Defendants have expanded their wrongful activity into more dealerships, used Plaintiffs' information to further their competing business, and sought to entrench the competitive and infringing "Ride Today" business, including in areas that are within Plaintiffs' market.

48.     Plaintiffs have further recently learned that Defendants have fraudulently and deceptively filed for trademark registrations at the U.S. Patent & Trademark Office for marks which are confusingly similar to Plaintiffs' senior Ride Today Marks, and have done so not only without authorization, but while they have sought to lull Plaintiffs into not taking action.

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

49.     All of the foregoing has been intentional, and, upon information and belief, Defendants have diverted substantial financing and sales business from the Plaintiff.

50.     Unless they are enjoined, Defendants will continue their wrongful activities to the detriment of the Plaintiffs.  Such activities will cause not just damages, but irreparable harm which is not calculable in money damages.

## COUNT ONE
## (Trademark Infringement, Pursuant to 15 U.S.C. § 1125(a))

51.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 50 as if fully restated herein.

52.     Plaintiff Ride Today Financial Corp. is the sole and exclusive owner of the marks "Ride Today" and "Ride Today Financial."

53.     Plaintiff NR is the sole and exclusive authorized user of the Ride Today marks.

54.     Defendants have used, reproduced and/or copied, or adopted marks (including but not limited to "Ride Today," "Ride Today Acceptance," "Ride2Day," and "Turned Down Yesterday? Ride Today" (collectively, the "Infringing Marks") which are the same as or confusingly similar to the Plaintiffs' Ride Today Marks, without the permission, consent or authorization of Plaintiffs.

55.     Defendants have continued their use of the Infringing marks, and other marks that are confusingly similar to Plaintiffs' Ride Today Marks, in direct violation of the repeated demands by Plaintiffs that Defendants cease such use.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 5484006
Juris No. 26105

56.    Defendants' use of the Infringing Marks has been in interstate commerce, and Defendants have done so, among other things, to divert financing clients and motorcycle sales from Plaintiffs.

57.    Defendants' infringement, including as set forth above, has caused, and is likely to cause, confusion, mistake or deception of consumers with respect to the affiliation, connection, or association of the Defendants with Plaintiffs and with the "Ride Today" name and business.

58.    In addition, because of the infringing and deceptive use by Defendants of names confusingly similar to Plaintiffs' "Ride Today" marks for their business names, for their website www.ridetodayacceptance.com, on Facebook, and in other manners, motorcycle purchasers, persons seeking financing for motorcycles, and even some motorcycle dealers have been and are likely to be confused, misled or deceived as to the source, origin, or sponsorship of products and services bearing or associated with the mark "Ride Today."

59.    By virtue of the foregoing, Defendants have infringed the rights of Plaintiffs with respect to the marks, "Ride Today" and "Ride Today Financial."

60.    Defendants knew of Plaintiffs' marks and rights, yet proceeded to establish, direct, execute and continue their infringement of the Plaintiffs' marks, as set forth above.

61.    Defendants further continued and increased their infringing activity after being told to cease that activity.

- 14 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

62.     As a result of the conduct of the Defendants, Plaintiffs have suffered and will continue to suffer irreparable harm, including injury to Plaintiffs' good will, for which Plaintiffs have has no adequate remedy at law.

63.     As a result of the conduct of the Defendants, Plaintiffs have suffered and will continue to suffer actual damages.

64.     Each of the Defendants knew or should have known of Plaintiffs' rights in the Ride Today marks, continued their conduct despite demand that they cease, and the aforementioned conduct by the Defendants was intentional and in bad faith.

65.     This is an exceptional case, pursuant to 15 U.S.C. § 1117(a).

## COUNT TWO
### (Unfair Competition, Pursuant to Lanham Act § 1125(a)

66.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 65 as if fully restated herein.

67.     Defendants' infringing adoption, use and promotion of marks and business names which are the same as or confusingly similar to the Plaintiffs' Ride Today marks, for their business name, and in advertisements, website, search engine optimization, Facebook pages, and in its operations, has caused, and is likely to continue to cause, confusion, mistake or deception on the part of potential clients and customers seeking to purchase motorcycles and powersports equipment, and/or financing for such persons, regarding the origin, affiliation, sponsorship or approval by Plaintiffs of Defendants and their services, in violation of 15 U.S.C. § 1125(a).

68.     In addition, Defendants' unauthorized misuse of names which are the same or confusingly similar to the Plaintiffs' "Ride Today" marks, and their fraudulent

- 15 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGELLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

redirection of business from Plaintiffs to themselves, has been done with the purpose, or with the effect, of diverting potential clients for both motorcycle and powersports purchases and financing, of using information and potential customer identities obtained only because of the confusingly similar names used by Defendants, and also by virtue of the fact that Defendants learn of all such leads only because of the relationship existing under the Agreement.

69.    The Defendants' conduct set forth above constitutes unfair competition.

70.    The Defendants' conduct set forth above was undertaken by, at the direction of, or with the knowledge and consent of Wilensky.

71.    The aforementioned conduct by Defendants was and is willful, intentional and in bad faith, done with full knowledge of the rights of Plaintiffs (who are a competitor), has been intended to mislead consumers, and is intended to trade upon the goodwill of the Plaintiffs, which has been developed over many years.

72.    Plaintiffs have been damaged, and are continuing to be damaged, as a result of the foregoing.

73.    Plaintiffs have suffered and will continue to suffer irreparable harm as a result of Defendants unfair and deceptive use of the Plaintiffs' marks.

74.    As a result, pursuant to 15 U.S.C. § 1125(a) and § 1117(a), Plaintiffs are entitled to Defendants' profits, the damages sustained by Plaintiffs, the costs of corrective advertising and marketing, the costs of the action, and all other remedies available under the Lanham Act.

- 16 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

75.    In addition to the damages set forth above, Plaintiff is also entitled to additional damages, pursuant to 15 U.S.C. § 1117(a), as well as reasonable attorneys' fees because of the exceptional nature of this case.

76.    In addition to the damages and losses sustained by Plaintiffs, and the profits which Defendants have wrongful obtained, Plaintiffs do not have an adequate remedy at law, and are thus entitled to injunctive relief prohibiting Defendants, and all persons acting for or in concert with Defendants, from continuing their wrongful conduct.

77.    As a result, Plaintiffs are entitled to preliminary and permanent injunctive relief  against the Defendants, as well as all other remedies available under the Lanham Act, including but not limited to compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

**COUNT THREE**
**(Breach of Contract)**

78.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 77 as if fully restated herein.

79.    In accordance with the terms of the Agreement, since May of 2013, Plaintiffs have paid monthly fees of between $5000 and $11,000 per month (including consulting and overhead fees) (or, in the aggregate, over $250,000) to the Defendants for their services.

80.    Defendant Encompass has materially breached the provisions of the Agreement, including by failing to provide the services required thereunder, by failing to "do everything necessary" to fulfill its obligations, by competing with the Plaintiffs, and by diverting business from the Plaintiffs.

- 17 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

81.     Defendants have further breached their covenants and agreement not to compete with the Plaintiffs.

82.     Defendants have further breached and violated their implied covenant of good faith and fair dealing, including by using their relationship with the Plaintiffs and the information gathered as a result to compete with the Plaintiffs, divert financing business, and further divert motorcycle and powersports equipment sales customers to other dealers.

83.     All of the foregoing was intentional and in bad faith.

84.     By virtue of the foregoing, Defendants are liable to the Plaintiffs for the profits obtained by the Defendants, and for Plaintiffs' other damages.

85.     By virtue of the foregoing, Defendants are liable for exemplary damages.

86.     By virtue of their willful and malicious conduct, Defendants should be ordered to disgorge all moneys paid by Plaintiffs under the Agreement.

87.     In addition to the foregoing, based upon the Defendants' blatant and intentional breaches of material terms of the Agreement, the Court should declare that any restrictions imposed upon Plaintiffs by such Agreement are null and void.

88.     Pursuant to Agreement, Defendants are liable to Plaintiffs for all legal costs and fees associated with this proceeding.

## COUNT FOUR
### (Fraud)

89.     Plaintiffs repeat and reiterate Paragraphs 1 through 88 of the foregoing with the same force and effect as if set forth in full herein.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

90.     Daniel Wilensky, on behalf of himself and of Encompass and Ride Today Acceptance, has engaged in fraudulent and deceptive conduct.

91.     In addition to the instances outlined above, such fraudulent conduct includes, but is not limited to the following:

a. On more than one occasion during the period between May 2013 and the present, Wilensky fraudulently told Mr. Schwartz that he and his business would not compete with Plaintiffs.

b. On more than one occasion between August of 2015 and the present, Defendants fraudulently and deceptively used the Plaintiffs' website, and systems intended to provide services to or for Plaintiffs under the Agreement, to divert potential financing customers who contacted "Ride Today" from doing business with Plaintiffs, to instead doing business with Defendants' infringing and competing Ride Today Acceptance business.

c. On more than one occasion between August of 2015 and the present, Defendants fraudulently and deceptively used the Plaintiffs' website, and systems intended to provide services to or for Plaintiffs under the Agreement, to divert potential purchasers of motorcycles from "Mike's Famous"® to other dealerships with whom Defendants have relationships, all accomplished by diverting persons who contacted "Ride Today."

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

d.  Fraudulently creating and seeking to register names and marks that are confusingly similar to Plaintiffs' senior Ride Today marks, for the purpose of confusing consumers and diverting business from Plaintiffs.

e.  Directing others to perform fraudulent and deceptive search engine optimization and website services which would have the effect of misdirecting persons searching for "Ride Today" from Plaintiffs and their website, to Defendants' infringing and competing business.

f.  Fraudulently and intentionally creating confusion (both of consumers and even within the Defendants' business) by adopting and using the infringing and confusing "Ride Today Acceptance" and other names confusingly similar to Plaintiffs' Ride Today marks, in direct competition with Plaintiffs, all for the purpose of creating consumer confusion, misdirecting consumers, and misappropriating Plaintiffs' good will to build Defendants' business.

g.  Fraudulent attempting to disguise the fact that Defendants are providing services to dealers who directly compete with Plaintiffs, including by using, or encouraging dealers competing with Plaintiffs to use, names other than "Ride Today Acceptance," when in fact the contact information leads directly to Defendants.

92.  In addition, when Mr. Schwartz advised Wilensky to cease the infringing and wrongful conduct, Wilensky fraudulently represented that he was going to propose a "business deal;" when in fact Wilensky knew that he was not intending to do so.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

93.     Instead, Wilensky's purpose was to fraudulently lull Mr. Schwartz into not acting while Defendants continued their deceptive scheme of using names and marks that are the same or confusingly similar to Plaintiffs' Ride Today marks, to enhance, grow, and entrench their business in motorcycle and powersports dealerships, and on the internet.

94.     Upon information and belief, this filing was undertaken as part of Defendants' scheme of hiding the fact that they were seeking to divert all "Ride Today" business and information to the Defendants.

95.     The statements and actions of Wilensky, on behalf of himself and the other Defendants were false, and the actions and conduct of the Defendants, as set for the above, were false when made, and were done for the purpose of diverting sales, gaining profits, and causing the Plaintiffs harm.

96.     As a result of the false, deceptive, and fraudulent conduct of the Defendants, Plaintiffs have suffered and continue to suffer serious damages.

97.     As a result of the false, deceptive and fraudulent conduct of the Defendants, Defendants have profited.

98.     If the Defendants are allowed to continue their fraudulent and deceptive conduct, in addition to damages, Plaintiffs will suffer irreparable harm which is not readily compensable in money damages.

## COUNT FIVE
### (Tortious Interference With Business)

99.     Plaintiffs repeat and reiterate Paragraphs 1 through 98 with the same force and effect as if set forth in full herein.

- 21 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

100.    Upon information and belief, the Defendants used the information and systems which were intended to provide services to or for the Plaintiffs under the Agreement, and further used their relationship with and the trust of the Plaintiffs, to divert leads and potential clients for both financing and motorcycle and powersports equipment purchases from the Plaintiffs.

101.    Upon information and belief, as a result of Defendants' tortious conduct, financing clients and leads were diverted from Plaintiffs to Defendants' competing and infringing "Ride Today Acceptance" business.

102.    Upon information and belief, as a result of Defendants' tortious conduct, motorcycle purchase leads and clients were diverted from Plaintiffs to other motorcycle or powersports equipment dealerships with whom Defendants had established or were seeking to establish relationships.

103.    Defendants' diversion of these leads and actual or potential clients was tortious, including but not limited to by virtue of the facts that they did so in willful infringement of Plaintiffs' marks; by using information and clients gained only by virtue of the Agreement, and in direct and intentional violation of their obligations under the Agreement, their Defendants' promise not to compete with Plaintiffs; and by deceiving the leads and clients as to the identity of the business with whom they were doing business.

104.    Defendants' tortious conduct has interfered with actual and reasonably anticipated business, in that leads and potential clients who sought to do business with the Plaintiffs were diverted from Plaintiffs to Defendants and/or other dealerships.

105.    As a result, Plaintiffs have been damaged.

- 22 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 5480006
Juris No. 26105

106.    In addition, if Defendants are allowed to continue this tortious conduct, Plaintiffs will suffer irreparable harm which is not readily compensable in money damages.

**COUNT SIX**
**(Cybersquatting)**

107.    Plaintiffs repeat and reiterate Paragraphs 1 through 106 with the same force and effect as if set forth in full herein.

108.    Defendants' registration, creation and use of the domain name www.ridetodayacceptance.com in direct competition with the Plaintiffs' services marketed under "Ride Today" and "Ride Today Financial" constitutes infringement of the Plaintiffs' senior "Ride Today" mark, as the Defendants' domain name is identical or confusingly similar to the Plaintiffs' senior "Ride Today" mark.

109.    Defendants' registration and use of the www.ridetotdayacceptance.com domain name was done in bad faith, and with a bad faith intent to profit from the Plaintiffs' "Ride Today" mark.

110.    As a result of Defendants' conduct, Plaintiffs have suffered damages, as Defendants' conduct has caused or is likely to cause confusion.

111.    By virtue of the foregoing, the Defendants should be ordered to forfeit, cancel or transfer their www.ridetodayacceptance.com domain name, along with any other domain names registered or used by Defendants that are confusingly similar to the Plaintiffs' marks, pursuant to 15 U.S.C. § 1125(d).

- 23 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## COUNT SEVEN
## (Breach of Fiduciary Duty)

112.   Plaintiff repeat and reiterate Paragraphs 1 through 111 with the same force and effect as if set forth in full herein.

113.   As the persons and entities who agreed to control the originations, servicing, and administration of the "Ride Today" program, who contractually assumed the obligation to provide services to the Plaintiffs to the exclusion of others, and to market and maintain Plaintiffs' Ride Today business (including its website), Defendants were and are in a fiduciary relationship with Plaintiffs.

114.   As a result, Defendants had a duty and obligation to represent and pursue Plaintiffs best interests.

115.   Defendants breached their fiduciary duties to the Plaintiffs, and continue to do so.

116.   As a result, Plaintiffs have been and continue to be seriously and substantially damaged by virtue of the breach of Defendants' fiduciary obligations.

117.   Plaintiffs are, moreover, entitled to injunctive relief to prevent irreparable harm resulting from Defendants' continued breach of their fiduciary duties.  .

## COUNT EIGHT
## (Unfair Trade Practices)

118.   Plaintiff repeats and reiterates Paragraphs 1 through 117 of the foregoing, with the same force and effect as if set forth in full.

119.   The actions and conduct of the Defendants, as set forth above, and their flagrant, intentional and egregious use of the relationship between Plaintiffs and the Defendants and the trust placed by Plaintiffs with Defendants, for the purpose of

- 24 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

diverting clients and business, creating and growing Defendants' competing business, and taking Plaintiffs' good will, were all undertaken in the course of Defendants' trade and business, and in direct competition and conflict with Plaintiffs.

120.    Defendants' actions, as set forth above, are in violation of or offend public policy, including but not limited to by virtue of their violation of 15 U.S.C § 1125(a).

121.    Defendants' actions, as set forth above, constitute unfair or deceptive trade practices in the conduct of trade or commerce, within the meaning of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b(a), in that said conduct violates or offends public policy, is immoral, unethical or unscrupulous, or substantially injures consumers, competitors, and other businesspersons, including the Plaintiffs.

122.    Defendants' aforementioned conduct has caused and will continue to cause substantial monetary and other injury to the Plaintiffs, which could not reasonably have been avoided and is not outweighed by any countervailing benefit to consumers, competitors or other businesspersons.

123.    The Defendants directed, actively participated in, lended aid to, ratified, and benefited from the wrongful, unfair, unscrupulous and unethical conduct of Wilensky, and each is thus liable for the unfair and deceptive trade practices set forth above.

124.    As a direct and proximate result of the violations of CUTPA by the Defendants, Plaintiffs have suffered an ascertainable loss of money in their trade and business.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

125.   If the Defendants are allowed to continue their unfair trade practices, in addition to their monetary losses, the Plaintiffs will suffer irreparable harm which is not readily compensable in money damages.

126.   Pursuant to Conn. Gen. Stat. § 42-110g(c), copies of this Complaint have been or will be mailed to the Attorney General of the State of Connecticut and Commissioner of Consumer Protection of the State of Connecticut.

## RELIEF REQUESTED

Based upon the foregoing, Plaintiffs pray the Court for the following relief:

1.   On Count One,

    a.   Preliminary and permanent injunctive relief prohibiting the Defendants from infringing the Plaintiff's marks "Ride Today" and "Ride Today Financial;"

    b.   An order cancelling all trademark registration applications by the Defendants, and any registrations issued to them, which have been filed with respect to any marks which are the same or confusingly similar to the Plaintiffs' "Ride Today" marks;

    c.   An award of Defendants' profits, Plaintiffs' damages, and Plaintiffs' costs and attorney's fees, pursuant to 15 U.S.C. § 1117.

2.   On Count Two,

    a.   Preliminary and permanent injunctive relief prohibiting the Defendants from continuing to engage in acts of unfair competition;

    b.   An award of Plaintiffs' damages, Defendants' profits, and Plaintiffs' costs and attorney's fees, pursuant to 15 U.S.C. § 1117(a).

3.   On Count Three:

    a.   Plaintiffs' damages sustained as a result of the Defendants' contractual breach;

    b.   Disgorgement of Defendants' profits;

    c.   Disgorgement of all moneys paid to Defendants under the Agreement;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522.6103
Fax (860) 548.0006
Juris No. 26105

    d.  A Declaration that any restrictions imposed by the Agreement upon the Plaintiffs are null and void;

    e.  The costs and expenses of this action.

4.     On Count Four,

    a.  Plaintiffs' damages sustained as a result of the Defendants' fraudulent conduct, along with disgorgement by the Defendants of all profits resulting from wrongful conduct;

    b.  Preliminary and permanent injunctive relief prohibiting the Defendants from engaging in their fraudulent and deceptive conduct as outlined above.

5.     On Count Five,

    a.  Plaintiffs' damages sustained as a result of the Defendants' tortious interference with business;

    b.  Preliminary and permanent injunctive relief prohibiting the Defendants from interfering with Plaintiffs' financing and motorcycle sales businesses;

6.  On Count Six,

    a.  Plaintiffs' damages pursuant to 15 U.S.C. §1117(a);

    b.  A mandatory injunction requiring the Defendants to transfer to Plaintiffs their www.ridetodayacceptance.com domain name, along with any other domain names registered or used by Defendants that are confusingly similar to the Plaintiffs' marks, pursuant to 15 U.S.C. § 1125(d);

    c.  The costs and attorneys fees incurred by Plaintiffs as a result of this exceptional case.

7.     On Count Seven,

    a.  Plaintiffs' damages sustained as a result of the Defendants' breach of their fiduciary duties to Plaintiffs;

    b.  Preliminary and permanent injunctive relief;

    c.  The costs and expenses of this action.

8.     On Count Eight,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

a. Plaintiffs' damages sustained by virtue of Defendants' unfair trade practices, along with exemplary damages and attorneys' fees;

b. Preliminary and permanent injunctive relief prohibiting the Plaintiffs from continuing their unfair trade practices, and mandating that they take all steps necessary to remedy and rectify the consequences of such practices.

9. On all counts, such other and further relief as may to the Court seem proper.

THE PLAINTIFFS,
NORTHERN REACH, INC. AND RIDE
TODAY FINANCIAL

By _____

Joseph G. Fortner, Jr.
Kaitlin Humble, of
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, CT 06103
Fed. Bar #ct 04602
Phone: 860 297-4609
Fax:    860-548-0006
fortner@halloransage.com
humble@halloransage.com
Their Attorneys

- 28 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105